**Lisa Ann COLMERY–PINKERTON,
Plaintiff–Appellant,**

v.

**Joshua CARRASCO, Deputy, individual
and official capacity, Defendant–
Appellee.**

No. 16–56099

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 3, 2017

Lisa Ann Colmery–Pinkerton, Hemet, CA, pro se.

Arthur K. Cunningham, Esquire, Stephanie J. Tanada, Lewis Brisbois Bisgaard & Smith LLP, Christopher D. Lockwood, Arias & Lockwood, San Bernardino, CA, for Defendant–Appellee.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Lisa Ann Colmery–Pinkerton appeals pro se from the district court's judgment following a jury trial in her 42 U.S.C. § 1983 action alleging unlawful detention, unlawful search of her person and vehicle, and excessive force in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

amount to a prepetition waiver of dischargeability or whether the stipulated facts prove that the actions of either or both of the Yangs amounted to fraud for purposes of § 523(a)(2)(A).

We are unable to consider Colmery–Pinkerton's challenge to the jury verdict based upon alleged false testimony because Colmery–Pinkerton failed to provide any portion of the trial transcript. *See* Fed. R. App. P. 10(b)(2); *Syncom Capital Corp. v. Wade,* 924 F.2d 167, 168 (9th Cir. 1991) (dismissing appeal filed by pro se appellant for failure to comply with Fed. R. App. P. 10(b)(2)).

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court because they are not part of the record on appeal. *United States v. Elias,* 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.